**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
Case No. 5:24-cv-01154-PAB

NORM DETRICK and JUDY DETRICK,

Plaintiffs,

v.

CRUISERS YACHTS – KCS
INTERNATIONAL INC. d/b/a CRUISERS
YACHTS, SKIPPER MARINE OF OHIO, LLC
d/b/a SKIPPERBUD'S, KOHLER CO., JET
THRUSTER MARINE, LLC d/b/a JET
THRUSTER NORTH AMERICA, MARK
PEDERSEN, DAN ZENZ, TODD RIEPE, and
JOHN FERFECKI,

Defendants.

_____/

**DEFENDANT JET THRUSTER MARINE, LLC d/b/a JET THRUSTER NORTH**
**AMERICA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT**
**XVI AND COUNT XVII  OF PLAINTIFFS' COMPLAINT**

Defendant, Jet Thruster Marine, LLC d/b/a Jet Thruster North America ("Jet Thruster"), by and through the undersigned counsel, hereby submit this Memorandum in Support of their Motion to Dismiss Count XVI and Count XVII of Plaintiffs' Compliant, [E.C.F. 1], because: 1. the Complaint fails to state a cause of action against Jet Thruster under Count XVI for Breach of Contract; and 2. the Complaint fails to state a cause of action against Jet Thruster for Count XVII for alleged breach of implied warranty of workmanlike performance, and in support thereof, states as follows:

**INTRODUCTION**

Plaintiffs filed this action against Cruisers Yachts- KCS International Inc. d/b/a Cruisers Yachts ("Cruisers Yachts"), Skipper Marine of Ohio, LLC d/b/a SkipperBud's

1

("SkipperBud's"), Kohler Co., Jet Thruster Marine, LLC d/b/a Jet Thruster North America, Mark Pedersen, Dan Zenz, Todd Riepe, and John Ferfecki on July 9, 2024. Plaintiffs allege two claims against Jet Thruster, a breach of contract claim which is found in Count XVI and a breach of implied warranty of workmanlike performance which is found in Count XVII of the Complaint.

### ALLEGATIONS OF PLAINTIFF'S COMPLAINT

On or about November 1, 2021, Plaintiffs ordered ("Plaintiffs") a Cruisers Yachts 54' Fly vessel identified with Hull Identification Number CRSSN135A223 (the "Vessel") from SkipperBud's. [E.C.F. 1, EX. 40]. On or about July 25, 2022, Plaintiffs took delivery of the Vessel. [E.C.F. 1, ¶ 60].

In August of 2022, Plaintiffs claim to have reported numerous defects regarding the Vessel to Cruisers Yachts and SkipperBud's. Plaintiffs' allegations include material defects, safety concerns, warranty issues, and repair issues. [E.C.F. 1, ¶61]. One of the issues noted by Plaintiffs with the Vessel purchased from Cruisers Yachts was that the joystick was not able to adequately control the boat in crosswinds of 15 mph or more. [E.C.F. 1, ¶ 192]. In or around August 2022, Plaintiffs notified Cruisers Yachts and SkipperBud's about the issues with the joystick. [E.C.F. 1, ¶ 188]. On August 15, 2022, Josh Delforge, Vice President of Operations and Engineering for Cruisers Yachts, emailed Grayson Gerndt, Cruisers Yachts Engineering Manager, regarding Plaintiffs inquiry about a bow thruster. [E.C.F. 1, ¶ 191]. SkipperBud's allegedly provided a price quote to install the bow and stern thrusters on the Vessel but were unable to accommodate the schedule necessary to complete the installation. [E.C.F. 1, ¶ 194]. Plaintiffs then allege that Plaintiffs hired Jet Thruster to install the bow and stern thrusters. [E.C.F. 1, ¶ 195]. Notably, the Complaint fails to state the most basic information concerning

2

the purported agreement between Plaintiffs and Jet Thruster, like whether the agreement with Plaintiff was written or verbal, and the terms of the agreement.

The Complaint further alleges that on August 23, 2022, Grayson Gerndt, Josh Delforge, and Cruisers Yachts' Vice President Zenz engaged in an email exchange where Cruisers Yachts' Vice President, Zenz, provided a drawing to give to the third-party installer, Jet Thruster. [E.C.F. 1, ¶ 196].  The drawings provided by Cruisers Yachts and SkipperBud's were given to Jet Thruster. [E.C.F. 1, ¶ ¶ 199, 202].

In August of 2022, Jet Thruster Jet Thruster performed the installation on the Vessel. [E.C.F. 1, ¶ 204]. There are no allegations in the Complaint that Jet Thruster failed to install the bow and stern thrusters in accordance with the drawings provided. Moreover, there are no allegations in the Complaint that the purported agreement between Jet Thruster included the installation or re-installation of other components on the Vessel outside of the bow and stern thrusters. More importantly, Jet Thruster's Terms and Conditions, which control the rights and responsibilities between the Parties explicitly disclaim the warranty of workmanlike service. *See* Jet Thruster's Terms and Conditions attached hereto as Exhibit "A."

Consequently, Counts XVI and XVII of the Complaint must be dismissed for failure to state a cause of action against Jet Thruster for breach of contract and breach of implied warranty of workmanship.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.     Introduction

This Court should dismiss Count XVI and Count XVII of the Complaint based on Plaintiffs' failure to state a cause of action under Rule 12(b)(6) because the Complaint fails to

state adequate factual content like whether the purported agreement between Plaintiffs and Jet Thruster was written or verbal and whether

## II.     Legal Standard

**Failure to State a Claim.** When ruling on a Rule 12(b)(6), the Court can assume that all of the factual allegations set forth in the complaint are true. U.S. v. Gaubert, 499 U.S. 315, 327 (1991). Moreover, when ruling on a 12(b)(6) motion, courts review the operative complaint under the plausibility standard. Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *See* Iqbal at 678. To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. In ruling on a 12(b)(6) motion, "the court is not bound to accept as true a legal conclusion couched as a factual allegation. Id.

## III.    The Complaint Fails to State a Cause of Action for Breach of Contract against Jet Thruster

This Court should dismiss Count XVI of the Complaint as Plaintiffs fail to state a cause of action against Jet Thruster for breach of contract.

Pursuant to Federal Rules of Civil Procedure 8(a)(2), pleadings are required to contain a short and plain statement establishing that the pleader is entitled to relief. Moreover, a "[p]leading that offers labels and conclusions or formulaic recitation of elements of cause of action will not do, nor does complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).

When ruling on a Rule 12(b)(6) motion, courts review the operative complaint under the plausibility standard. Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009); Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570, (2007). A claim has facial plausibility when plaintiff pleads factual content that allows court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 678. To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. In ruling on a 12(b)(6) motion, "the court is not bound to accept as true a legal conclusion couched as a factual allegation. Id.

In order for a contract to exist, there generally must be an offer, acceptance, and consideration. *N. Side Bank & Trust Co. v. Trinity Aviation LLC*, 2020-Ohio-1470, 153 N.E.3d 889, ¶ 15 (1st Dist.). The alleged contract must also reflect the essential terms with definiteness and certainty, as there must be a meeting of the minds as to all essential terms. *Id.*; *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991). To reflect a meeting of the minds, all parties to an agreement must mutually assent to the substance of the contract. *Jackson Tube Serv. v. Camaco LLC*, 2d Dist. Miami Nos. 2012 CA 19 and 2012 CA 25, 2013-Ohio-2344, ¶ 11, citing *Zelina v. Hillyer*, 165 Ohio App.3d 255, 2005-Ohio-5803, 846 N.E.2d 68, ¶ 12 (9th Dist.) (stating that a meeting of the minds occurs if "a reasonable person would find that the parties manifested a present intention to be bound to an agreement").

Plaintiffs allege that "Jet Thruster entered into a valid and enforceable contract with the Detricks to install bow and stern thrusters in the 54 Fly." [E.C.F. 1] Pg 95, ¶ 675. However, Plaintiffs fail to provide any information as to the terms of the contract, as well as the most basic information regarding whether the contract was oral or written.

II.     **The Complaint Fails to State a Cause of Action for Breach of Implied
        Warranty of Workmanlike Performance**

Plaintiffs allege that Jet Thruster was provided drawings by Cruisers Yachts and SkipperBud's which Jet Thruster was to follow regarding the installation of the thrusters on the Vessel.  *See* [E.C.F. 1, ¶¶ 196-202]. While they contend that Jet Thruster negligently drilled holes, they do not allege that the holes drilled were not in accordance with the instructions and drawings they were provided.

Plaintiffs also allege that Jet Thruster failed to install a wired switch as agreed upon by the parties, and instead provided only a wireless switch .... [ECF 1] ¶ 207. However, the invoice which Plaintiffs included with the Complaint that they allege represents the agreement between the Parties includes a wireless switch.

Plaintiffs also allege Jet Thruster improperly wired batteries which caused them to overheat and melt the battery terminals, damaging the batteries and creating a substantial risk of fire. Id. at ¶ 208.

Plaintiffs also mention issues with wiring and installation of shower/gray water pump, repair of leaks related to the front hose flanges, and improperly placed batteries. However, there is no evidence that labor is related to installation of bow and stern thrusters.

Moreover, Jet Thruster is not a building contractor, upon whom the common law duty to perform in a workmanlike manner app. (Generally, "[t]he duty to perform in a workmanlike manner is imposed by common law upon builders and contractors.") *Zanesville Glass Supply, Inc. v. Goff*, 2008-Ohio-1243, 2008 WL 732646, ¶ 40 (5th Dist.), citing *Mitchem v. Johnson*, 7 Ohio St.2d 66, 218 N.E.2d 594 (1966); *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 433 N.E.2d 147 (1982). However, where the duty to perform in a workmanlike manner is included in the express language of a contract, the duty arises out of contract if not

performed. *Benchmark Constr. Co. v. Lima*, No. 3:20 CV 1077, 2022 WL 4536392, at *12 (N.D. Ohio Sept. 28, 2022), citing *Warren v. Denes Concrete, Inc.*, 2009-Ohio-2784, 2009 WL 1655038, ¶ 16 (9th Dist.) ("When a contract contains an express warranty in which a contractor undertakes a duty to perform in a workmanlike manner, a claim against the contractor for an alleged breach of that duty sounds in contract."); *see also Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226, 228-229, 754 N.E.2d 785 (2001) ("[When t]he contract governs the warranty of good workmanship ... the warranty of good workmanship arises from the contract. It can hardly be otherwise.") *Wood v. MAK Inv. Properties, LLC*, 2024-Ohio-4485, ¶ 12

For the foregoing reasons, the Complaint also fails to state a cause of action for breach of implied warranty of workmanlike performance and should be dismissed.

## CONCLUSION

For the foregoing reasons, Jet Thruster respectfully requests this Court dismiss Counts XVI and XVII of Plaintiffs' Complaint and grant any and all other relief that this Court may deem just and proper.

Dated: December 20, 2024.                    Respectfully submitted,

/s/Adam M. Ludwin
Adam M. Ludwin, Esq.
Ludwin Law Group, P.A.
Florida Bar No.: 101742
Admitted *pro hac vice*
85 S.E. 4th Avenue, Suite 108
Delray Beach, FL 33483
Phone: (561) 455-4455
Email: Adam@LudwinLaw.com
Secondary Email: Shelley@LudwinLaw.com

*Attorney for Defendant Jet Thruster Marine, LLC*

7

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are deemed to have consented to electronic service and are being served on December 20, 2024 with a copy of this document via the Court's CM/ECF system.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1**

The undersigned hereby certifies its compliance with Local Rule 7.1. The above-mentioned claim has not been specified the track to which the case has been assigned. The undersigned hereby certifies that Defendant, Jet Thruster's Motion to Dismiss is 9 pages in length, excluding exhibits.

/s/Adam M. Ludwin

8