**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
Case No. 5:24-cv-01154-PAB

NORM DETRICK and JUDY DETRICK,

        Plaintiffs,

    v.

CRUISERS YACHTS – KCS
INTERNATIONAL INC. d/b/a CRUISERS
YACHTS, SKIPPER MARINE OF OHIO, LLC
d/b/a SKIPPERBUD'S, KOHLER CO., JET
THRUSTER MARINE, LLC d/b/a JET
THRUSTER NORTH AMERICA, MARK
PEDERSEN, DAN ZENZ, TODD RIEPE, and
JOHN FERFECKI,

        Defendants.

## DEFENDANT CRUISERS YACHTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendant KCS International, Inc., doing business as Cruisers Yachts ("Cruisers Yachts"), by and through its attorneys of record, files its Amended[1] Answer to the Complaint ("Complaint") of Norm and Judy Detrick (collectively, "Plaintiffs"), and states as follows:

Cruisers Yachts denies the facts alleged in the introductory paragraph to the Complaint, except to admit only that Plaintiffs purportedly have asserted claims against Cruisers Yachts and other entities on behalf of themselves individually.  Any remaining allegations in the introductory paragraph are denied.  Furthermore, Cruisers Yachts specifically denies any and all headings and subheadings used throughout the Complaint and not contained within a numbered paragraph, to

---

[1] Cruisers Yachts previously filed a Partial Answer on September 10, 2024.  *See* ECF No. 28.  Now that the Court has ruled on its Joint Motion to Dismiss with Defendants SkipperBud's, Mark Pedersen, Dan Zenz, Todd Riepe, and John Ferfecki, Cruisers Yachts amends its Answer to respond in full to the remaining allegations.

the extent asserted as substantive allegations by Plaintiffs or otherwise deemed to be allegations by Plaintiffs.

## PARTIES, JURISDICTION, AND VENUE

1.      Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies those allegations.

2.      Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and therefore denies those allegations.

3.      Cruisers Yachts admits that it is a Wisconsin corporation and is a wholly-owned subsidiary of MarineMax, Inc.  Cruisers Yachts further admits that it manufactured the 54 Cantius vessel bearing Hull Identification Number CRSSN135A223 (the "Vessel") and that it issued the Cruisers Express Limited Warranty.  Cruisers Yachts denies the remaining allegations of this Paragraph as phrased.

4.      Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

5.      Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6.      Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies those allegations.

7.      Admitted.

8.      Admitted that Dan Zenz is the Vice President of Sales of Cruisers Yachts.

9. Denied.

10. Admitted.

11. Paragraph 11 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 14.

## FACTUAL CHRONOLOGY

15. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies the allegations.

16. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies the allegations.

17. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies the allegations.

18. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies the allegations.

19. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies the allegations.

20. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies the allegations.

21.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies the allegations.

22.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies the allegations.

23.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies the allegations.

24.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies the allegations.

25.     Cruisers Yachts admits only that it communicated with the Plaintiffs regarding the purchase of a vessel.  The remaining allegations in Paragraph 25 are denied.

26.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

27.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

28.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

29.     Denied as phrased.

30.      Denied.  The allegations in Paragraph 30 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 30 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 30 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 30.

31.      Denied.  The allegations in Paragraph 31 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 31 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 31 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 31.

32.      Denied.  The allegations in Paragraph 32 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 32 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 32 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 32.

33.      Denied.  The allegations in Paragraph 33 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 33 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 33 state legal conclusions to which no

response is required. To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 33.

34. Denied. The allegations in Paragraph 34 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 34 do not accurately reflect the content of the documents, they are denied. The remaining allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 34.

35. Denied. The allegations in Paragraph 35 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 35 do not accurately reflect the content of the documents, they are denied. The remaining allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 35.

36. Denied. The allegations in Paragraph 36 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 36 do not accurately reflect the content of the documents, they are denied. The remaining allegations in Paragraph 36 state legal conclusions to which no response is required. To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 36.

37. Denied. The allegations in Paragraph 37 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 37 do not accurately reflect the content of the documents,

they are denied.  The remaining allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 37.

38.     Denied.  The allegations in Paragraph 38 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 38 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 38 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 38.

39.     Denied.  The allegations in Paragraph 39 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 39 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 39 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 39.

40.     Denied.  The allegations in Paragraph 40 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 40 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 40 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 40.

41.     Admitted in part and denied in part.  Cruisers Yachts admits only that Norm Detrick attended the Fort Lauderdale International Boat Show and communicated with representatives of Cruisers Yachts.  The remaining allegations in Paragraph 41 are denied.

42.     Denied.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

43.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.  The allegations in Paragraph 43 refer to and attempt to characterize written documents web content, and video, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 40 do not accurately reflect the content of the documents, web content, and videos, they are denied.  The remaining allegations in Paragraph 43 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 43.

44.     Denied.  The allegations in Paragraph 44 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 44 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 44 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 44.

45.     Denied.  The allegations in Paragraph 45 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To

the extent the allegations in Paragraph 45 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 45 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 45.

46.     Denied.  The allegations in Paragraph 46 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 46 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 46 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 46.

47.     Denied.  The allegations in Paragraph 47 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 47 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 47 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 47.

48.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

49.     Denied.

50.     Admitted that the Vessel was delivered to the Detricks in July 2022.  Cruisers Yachts denies the remaining allegations of this Paragraph as phrased.

51.     Admitted that the Plaintiffs visited the Cruisers Yachts facility in or around June 2022.  Cruisers Yachts denies the remaining allegations of this Paragraph as phrased.

52.     Denied.  The allegations in Paragraph 52 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 52 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 52 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 52.

53.     Denied.  The allegations in Paragraph 53 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 53 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 53 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 53.

54.     Denied.  The allegations in Paragraph 54 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 54 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 54 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 54.

55.     Denied.  The allegations in Paragraph 55 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 55 do not accurately reflect the content of the documents,

they are denied.  The remaining allegations in Paragraph 55 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 55.

56.     Denied.  The allegations in Paragraph 56 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 56 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 56 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 56.

57.     The allegations in Paragraph 57 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 57 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 57 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 57.

58.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

59.     Denied.

60.     Admitted.

61.     Denied.  The allegations in Paragraph 61 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To

the extent the allegations in Paragraph 61 do not accurately reflect the content of the documents, they are denied.

62.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

63.     Denied.  Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 related to the reason for a delayed trip and therefore denies the allegations.  The remaining allegations in Paragraph 63 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 63.

64.     Denied as phrased.

65.     Denied.

66.     Denied.

67.     Denied.  The allegations in Paragraph 67 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 67 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 67 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 67.

68.     Denied.  The allegations in Paragraph 68 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 68 do not accurately reflect the content of the documents,

they are denied.  The remaining allegations in Paragraph 68 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 68.

69.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

70.     Denied.

71.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

72.     Denied.  The allegations in Paragraph 72 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 72 do not accurately reflect the content of the documents, they are denied.  The remaining allegations in Paragraph 72 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 72.

73.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

74.     Denied.

75. Denied.

76. Denied.

77. Denied.

78. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

79. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

80. Denied.

81. Denied.  The allegations in Paragraph 81 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 81 do not accurately reflect the content of the documents, they are denied.

82. Denied.

83. Denied.

84. Denied.

85. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

86. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

93. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

94. Admitted that the Vessel was safe and seaworthy. Cruisers Yachts denies the remaining allegations of this Paragraph as phrased.

95. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

100.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

106.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

107. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 related to the health needs and concerns of the Detricks and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

108. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

109. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

110. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

111. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

112. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and therefore denies the allegations. By way

of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

113. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

114. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

115. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

116. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

117. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

118. Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.   The allegations in Paragraph 123 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 123.

124.    Denied.

125.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

126.    Denied.

127.    Denied.

128.    Denied.   The allegations in Paragraph 128 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 128 do not accurately reflect the content of the documents, they are denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

134.    Denied.

135.    Denied.

136.    Denied.  The allegations in Paragraph 136 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 136 do not accurately reflect the content of the documents, they are denied.

137.    Denied.

138.    Denied.  The allegations in Paragraph 138 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 138 do not accurately reflect the content of the documents, they are denied.

139.    Denied.  The allegations in Paragraph 139 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 139 do not accurately reflect the content of the documents, they are denied.

140.    Denied.  The allegations in Paragraph 140 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 140 do not accurately reflect the content of the documents, they are denied.

141.    Denied.  The allegations in Paragraph 141 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 141 do not accurately reflect the content of the documents, they are denied.

142.    Denied as phrased.

143.    Admitted in part and denied in part.  Cruisers Yachts admits only that the 54 Fly was located in Atlantic City, New Jersey.  The remaining allegations in Paragraph 143 are denied.

144.    Denied.  The allegations in Paragraph 144 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 144 do not accurately reflect the content of the documents, they are denied.

145.    Denied.

146.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

147.    Denied.

148.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

149.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 and therefore denies the allegations.  By way

of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

150.    Denied.  The allegations in Paragraph 150 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 150 do not accurately reflect the content of the documents, they are denied.

151.    Denied.  The allegations in Paragraph 151 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 151 do not accurately reflect the content of the documents, they are denied.

152.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

153.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

154.    Denied.  The allegations in Paragraph 154 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 154 do not accurately reflect the content of the documents, they are denied.

155. Denied. The allegations in Paragraph 155 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 155 do not accurately reflect the content of the documents, they are denied.

156. Denied.

157. Denied. The allegations in Paragraph 157 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 157 do not accurately reflect the content of the documents, they are denied.

158. Denied. The allegations in Paragraph 158 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 158 do not accurately reflect the content of the documents, they are denied.

159. Denied. The allegations in Paragraph 159 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 159 do not accurately reflect the content of the documents, they are denied.

160. Denied.

161. Denied.

162. Denied. The allegations in Paragraph 162 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 162 do not accurately reflect the content of the documents, they are denied. The remaining allegations in Paragraph 162 state legal

conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 162.

163.   Denied as phrased.

164.   Denied.

165.   Denied as phrased.

166.   Denied as phrased.

167.   Denied as phrased.

168.   Denied.  The allegations in Paragraph 168 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 168 do not accurately reflect the content of the documents, they are denied.

169.   Denied.  The allegations in Paragraph 169 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 169 do not accurately reflect the content of the documents, they are denied.

170.   Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

171.   Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

172. Denied. The allegations in Paragraph 172 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 172 do not accurately reflect the content of the documents, they are denied.

173. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

174. Denied. The allegations in Paragraph 174 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 174 do not accurately reflect the content of the documents, they are denied.

175. Denied. The allegations in Paragraph 175 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 175 do not accurately reflect the content of the documents, they are denied.

176. Denied. The allegations in Paragraph 176 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 176 do not accurately reflect the content of the documents, they are denied.

177. Denied.

178. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178 and therefore denies the allegations. By way

of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

179.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Admitted.

185.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

186.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

187.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

188.    Denied.  The allegations in Paragraph 188 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 188 do not accurately reflect the content of the documents, they are denied.

189.    Denied as phrased.

190.    Denied.

191.    Denied.  The allegations in Paragraph 191 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 191 do not accurately reflect the content of the documents, they are denied.

192.    Denied.  The allegations in Paragraph 192 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 192 do not accurately reflect the content of the documents, they are denied.

193.    Denied.  The allegations in Paragraph 193 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 193 do not accurately reflect the content of the documents, they are denied.

194.    Denied.  The allegations in Paragraph 194 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 194 do not accurately reflect the content of the documents, they are denied.

195.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

196.     Denied.  The allegations in Paragraph 196 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 196 do not accurately reflect the content of the documents, they are denied.

197.     Denied.  The allegations in Paragraph 197 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 197 do not accurately reflect the content of the documents, they are denied.

198.     Denied.  The allegations in Paragraph 198 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 198 do not accurately reflect the content of the documents, they are denied.

199.     Denied.  The allegations in Paragraph 199 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 199 do not accurately reflect the content of the documents, they are denied.

200.     Denied as phrased.

201.     Denied.

- 28 -

202.    Denied.  The allegations in Paragraph 202 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 202 do not accurately reflect the content of the documents, they are denied.

203.    Denied.  The allegations in Paragraph 203 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 203.

204.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 204 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

205.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

206.    Denied.  The allegations in Paragraph 206 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 206.

207.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 207 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

208. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

209. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

210. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

211. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 211 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

212. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 212 and therefore denies the allegations. By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

213. Denied

214. Denied.

215. Denied.

216.  Denied.

217.  Denied.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

218.  Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

219.  Denied.

220.  Denied.

221.  Denied.  The allegations in Paragraph 221 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 221 do not accurately reflect the content of the documents, they are denied.

222.  Denied.  The allegations in Paragraph 222 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 222 do not accurately reflect the content of the documents, they are denied.

223.  Denied.  The allegations in Paragraph 223 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 223 do not accurately reflect the content of the documents, they are denied.

224.  Denied.  The allegations in Paragraph 224 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is

required.  To the extent the allegations in Paragraph 224 do not accurately reflect the content of the documents, they are denied.

225.    Denied.  The allegations in Paragraph 225 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 225 do not accurately reflect the content of the documents, they are denied.

226.    Denied.  The allegations in Paragraph 226 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 226 do not accurately reflect the content of the documents, they are denied.

227.    Denied.  The allegations in Paragraph 227 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 227 do not accurately reflect the content of the documents, they are denied.

228.    Denied.  The allegations in Paragraph 228 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 228 do not accurately reflect the content of the documents, they are denied.

229.    Denied.  The allegations in Paragraph 229 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 229 do not accurately reflect the content of the documents, they are denied.

230. Denied. The allegations in Paragraph 230 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 230 do not accurately reflect the content of the documents, they are denied.

231. Denied. The allegations in Paragraph 231 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 231 do not accurately reflect the content of the documents, they are denied.

232. Denied. The allegations in Paragraph 232 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 232 do not accurately reflect the content of the documents, they are denied.

233. Denied. The allegations in Paragraph 233 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 233 do not accurately reflect the content of the documents, they are denied.

234. Denied as phrased.

235. Denied as phrased.

236. Denied. The allegations in Paragraph 236 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 236 do not accurately reflect the content of the documents, they are denied.

237. Denied as phrased.

238.    Denied.  The allegations in Paragraph 238 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 238 do not accurately reflect the content of the documents, they are denied.

239.    Denied as phrased.

240.    Denied.

241.    Denied as phrased.

242.    Denied.

243.    Denied.

244.    Denied.  The allegations in Paragraph 244 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 244 do not accurately reflect the content of the documents, they are denied.

245.    Denied.

246.    Denied.  The allegations in Paragraph 246 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 246 do not accurately reflect the content of the documents, they are denied.

247.    Denied.  The allegations in Paragraph 247 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 247 do not accurately reflect the content of the documents, they are denied.

248. Denied. The allegations in Paragraph 248 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 248 do not accurately reflect the content of the documents, they are denied.

249. Denied. The allegations in Paragraph 249 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 249 do not accurately reflect the content of the documents, they are denied.

250. Denied. The allegations in Paragraph 250 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 250 do not accurately reflect the content of the documents, they are denied.

251. Denied.

252. Denied.

253. Denied. The allegations in Paragraph 253 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required. To the extent the allegations in Paragraph 253 do not accurately reflect the content of the documents, they are denied.

254. Denied.

255. Denied.

256. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 and therefore denies the allegations. By way

of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied

262.    Denied.

263.    Denied.  The allegations in Paragraph 263 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 263 do not accurately reflect the content of the documents, they are denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Admitted that the Garmin system is manufactured by Garmin.  Cruisers Yachts denies the remaining allegations of this Paragraph.

270.    Denied.

271.    Denied.  The allegations in Paragraph 271 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is

required.  To the extent the allegations in Paragraph 271 do not accurately reflect the content of the documents, they are denied.

272.     Denied.  The allegations in Paragraph 272 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 272 do not accurately reflect the content of the documents, they are denied.

273.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 273 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

274.     Denied.

275.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 275 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

276.     Denied.  The allegations in Paragraph 276 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 276 do not accurately reflect the content of the documents, they are denied.

277.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 277 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

278.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

279.    Denied.  The allegations in Paragraph 279 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 279 do not accurately reflect the content of the documents, they are denied.

280.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

281.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 281 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

282.    Denied.

283.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 283 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

284.    Denied as phrased.

285.    Denied.

286. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 286 and therefore denies the allegations.

287. Denied as phrased.

288. Denied.

289. Denied.

290. Denied as phrased.

291. Denied.

292. Denied.

293. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 293 and therefore denies the allegations.

294. Denied.

### 54 Fly Engines - Material Defect and Substantial Impairment

295. Admitted that the Vessel's engines were manufactured by Volvo Penta. Cruisers Yachts denies the remaining allegations of this Paragraph.

296. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 296 and therefore denies the allegations.

297. Denied.

298. Denied.

299. Denied.

300. Denied.

301. Denied.

302. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 302 and therefore denies the allegations.

303. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 303 and therefore denies the allegations.

304. Denied as phrased.

305. Denied.

### *Kohler Generator - Material Defect and Substantial Impairment*

306. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

307. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 307 and therefore denies the allegations.

308. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 308 and therefore denies the allegations.

309. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 309 and therefore denies the allegations.

310. Denied.

311. Denied.

312. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 312 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

313. Denied.

314. Denied.

315. Denied.

316. Denied.

317. Denied.

*Windshield Wipers - Material Defect and Substantial Impairment*

318. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 318 and therefore denies the allegations.

319. Denied.

320. Denied. The allegations in Paragraph 320 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To the extent the allegations in Paragraph 320 do not accurately reflect the content of the documents, they are denied.

321. Denied.

322. Denied.

323. Denied.

324. Denied.

325. Denied.

326. Denied.

327. Denied.

328. Denied.

329. Denied.

330. Denied as phrased.

331. Denied.

332. Denied.

333. Denied.

334. Denied.

335. Denied.

336. Denied.

337. Denied.

338. Denied.

339. Denied.

*Instruments, Sensors, and Gauges - Material Defect and Substantial Impairment*

340. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 340 and therefore denies the allegations.

341. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 341 and therefore denies the allegations.

342. Denied.

343. Denied.

344. Denied.

345. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 345 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.

346. Denied.

347. Denied.

*Fuel Gauge – Material Defect and Substantial Impairment*

348.    Denied.

349.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 349 and therefore denies the allegations.

350.    Denied.

351.    Denied.

*Fuel Burn Computer – Material Defect and Substantial Impairment*

352.    Denied as phrased.

353.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 353 and therefore denies the allegations.

354.    Denied.

355.    Denied.

*Steering Wheel – Material Defect and Substantial Impairment*

356.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 356 and therefore denies the allegations.

357.    Denied.

358.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 358 and therefore denies the allegations.

359.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 359 and therefore denies the allegations.

360.    Denied.

361.    Denied.

362.    Denied.

363.    Denied.

364.    Denied.

365.    Paragraph 365 states legal conclusions to which no response is required.  By way of further response, Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 365 and therefore denies the allegations.

366.    Admitted that Cruisers Yachts knows how to install a steering wheel and lock nuts. Cruisers Yachts denies the remaining allegations of this paragraph as phrased.

367.    Denied as phrased.

368.    Denied.

369.    Denied.

370.    Denied.

### Poor Workmanship and Defective Door Finishes

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.    Denied.

### Water Filtration System – Material Defect and Substantial Impairment

377.    Denied.

378.    Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or

deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 382 and therefore denies the allegations.

383.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 383 and therefore denies the allegations.

384.    Denied.

385.    Denied.

386.    Paragraph 386 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 386.

### *Swim Platform - Material Defect and Substantial Impairment*

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied.

393.    Denied.

394.    Denied.

395.    Denied.

*SeaDek – Material Defect and Substantial Impairment*

396.    Denied as phrased.

397.    Denied as phrased.

398.    Denied as phrased.

399.    Denied as phrased.

400.    Denied.

*Ignition System - Material Defect and Substantial Impairment*

401.    Denied.

402.    Denied.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Denied.

*Caulking and Sealing - Material Defect and Substantial Impairment*

409.    Denied.

410.    Denied.

411.    Denied.

412.    Denied as phrased.

413.    Denied as phrased.

414.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 414 and therefore denies the allegations.

415.    Denied.

416.    Denied.

417.    Denied.

418.    Paragraph 418 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 418.

419.    Paragraph 419 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 419.

### *Salon Door - Material Defect and Substantial Impairment*

420.    Denied.

421.    Denied.

422.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 422 and therefore denies the allegations.

423.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 423 and therefore denies the allegations.

424.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 424 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 424.

425.    Denied.

426.    Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or

deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

427. Denied.

428. Denied.

429. Denied.

430. Denied.

431. Denied.

*Unlevel Appliances – Material Defect and Substantial Impairment*

432. Denied.

433. Denied.

434. Denied

435. Denied.

*Unlevel Air Conditioning Equipment – Material Defect and Substantial Impairment*

436. Denied.

437. Denied.

438. Paragraph 438 states legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 438.

439. Denied.

*Unlevel Surfaces – Material Defect and Substantial Impairment*

440. Denied.

441. Denied.

442. Denied.

*Refrigerator – Material Defect and Substantial Impairment*

443.    Denied.

444.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 444 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 444.

*Electrical Wiring – Material Defect and Substantial Impairment*

445.    Denied.

446.    Denied.

447.    Denied.

448.    Denied.

449.    Denied.

*Fuse Box, Network Cables, and Electronic Devices - Material Defects and Substantial Impairment*

450.    Denied.

451.    Denied.

452.    Denied.

*Ceramic Windshield Coating – Material Defect and Substantial Impairment*

453.    Denied as phrased.

454.    Denied.

455.    Denied.

456.    Denied.

457.    Denied.

***Propspeed Coating – Material Defect and Substantial Impairment***

458. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

459. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

460. Denied as phrased.

461. Denied as phrased.

462. Denied as phrased.

***FLIR Camera – Material Defect and Substantial Impairment***

463. Denied.

***Siren Marine System – Material Defect and Substantial Impairment***

464. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 464 and therefore denies the allegations.

465. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 465 and therefore denies the allegations.

466. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 466 and therefore denies the allegations.

467. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 467 and therefore denies the allegations.

468. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 468 and therefore denies the allegations.

### Ice Maker - Material Defect and Substantial Impairment

469. Denied.

### Shower Door - Material Defects and Substantial Impairment

470. Denied.

### Shower Drain - Material Defect and Substantial Impairment

471. Denied.

### Electronic Toilet Flush System – Material Defect and Substantial Impairment

472. Denied.

### Door Seals – Material Defect and Substantial Impairment

473. Denied.

474. Denied.

475. Denied.

### Window Seals – Material Defect and Substantial Impairment

476. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 476 and therefore denies the allegations.

477. Denied.

### Window Coverings – Material Defect and Substantial Impairment

478. Denied.

479. Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 479 and therefore denies the allegations. By way

of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 479.

480.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 480 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective beliefs, understanding, or decision making of the Plaintiffs.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 480.

481.    Denied.

### *High Gloss Finishes – Material Defect and Substantial Impairment*

482.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 482 and therefore denies the allegations.

483.    Denied.

484.    Denied.

485.    Denied.

### *Solid Surface Countertops – Material Defects and Substantial Impairment*

486.    Denied.

487.    Denied.

### *Unsafe Stairs – Material Defect and Substantial Impairment*

488.    Denied.

489.    Denied.

### *Cabinet Drawers – Material Defects and Substantial Impairment*

490.    Denied.

*Air Conditioning – Material Defect and Substantial Impairment*

491.    Denied.

492.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 492 and therefore denies the allegations.

*Anti-Corrosion System – Material Defect and Substantial Impairment*

493.    Denied.

*Traveling On Plane – Material Defect and Substantial Impairment*

494.    Denied as phrased.

495.    Denied.

*Seakeeper – Material Defect and Substantial Impairment*

496.    Admitted that the Vessel is equipped with a Seakeeper.  Cruisers Yachts denies the remaining allegations of this paragraph as phrased.

497.    Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

498.    Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

499. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

500. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

501. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

502. Cruisers Yachts neither admits nor denies the allegations contained in this paragraph as they are not directed to Cruisers Yachts.  If the allegations can be construed against Cruisers Yachts, Cruisers Yachts is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same and demands strict proof thereof.

503. The allegations in Paragraph 503 refer to and attempt to characterize written documents, the contents of which speaks for themselves, and no further response is required.  To

the extent that a response is deemed required, Cruisers Yachts denies the remaining allegations in Paragraph 503.

504.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 504 and therefore denies the allegations.

505.     Denied as phrased.

506.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 504 and therefore denies the allegations.

507.     Denied as phrased.

508.     Denied as phrased.

509.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 509 and therefore denies the allegations.

510.     Denied as phrased.

511.     Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 511 and therefore denies the allegations.

512.     Denied.

513.     Denied.

### *Flybridge – Material Defect and Substantial Impairment*

514.     Denied.

515.     Denied.

516.     Denied.

### *Stainless Steel – Material Defect and Substantial Impairment*

517.     Denied.

518.     Denied.

*Service and Repair Scheduling and Coordination Failures*

519.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 519 and therefore denies the allegations.

520.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 520 and therefore denies the allegations.

521.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 521 and therefore denies the allegations.

522.    Denied.

523.    Denied.

524.    Denied.

525.    Admitted that Plaintiff raised numerous concerns with Cruisers Yachts.  Cruisers Yachts denies the remaining allegations of this paragraph.

526.    Denied.

527.    Denied as phrased.

528.    Denied as phrased.

529.    Denied as phrased.

530.    Denied as phrased.

531.    Denied as phrased.

532.    Denied as phrased.

533.    Denied.

534.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 534 and therefore denies the allegations.  By way of further response, Cruisers Yachts has no information or knowledge regarding the subjective

beliefs, understanding, or decision making of the Plaintiffs.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 534.

535.    Denied.

536.    Denied.

537.    Denied.

538.    Denied.

539.    Denied.

540.    Admitted that Cruisers Yachts has requested that communications go through legal counsel as the Parties are in litigation.  Cruisers Yachts denies the remaining allegations of this paragraph.

541.    Denied.

### *Excessive Number of Repairs and Punchlist Items – Substantial Impairment*

542.    Denied.

543.    Denied.

544.    Denied.

545.    Denied.

### SUMMARY OF ALLEGATIONS

546.    Denied.

547.    Denied.

548.    Denied.

549.    Denied.

550.    Denied.

551.    Denied.

552.    Denied.

553.    Denied.

554.    Denied.

555.    Denied.

556.    Denied.

557.    Denied.

558.    Denied.

559.    Denied.

560.    Denied.

561.    Denied.

562.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 562 and therefore denies the allegations.

563.    Denied.

564.    Denied.

565.    Denied.

566.    Denied.

567.    Denied.

**COUNT I – Negligent Misrepresentation (Ohio Common Law)
Claim against Cruisers Yachts**

568.    Paragraph 568 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

569.    Denied.

570.    Denied as phrased.

571.    Denied.

572.    Cruisers Yachts is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 572 and therefore denies the allegations.

573.    Denied.

574.    Denied.

**COUNT II – Negligent Misrepresentation (Ohio Common Law)**
**Claim against SkipperBud's**

575.    Paragraph 575 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

576.    Paragraph 576 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 576 are denied.

577.    Paragraph 577 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 577 are denied.

578.    Paragraph 578 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 578 are denied.

579.    Paragraph 579 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 579 are denied.

580.    Paragraph 580 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 580 are denied.

581.    Paragraph 581 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 581 are denied.

**COUNT III – Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)**
**Claim against Cruisers Yachts**

582.    Paragraph 582 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

583.    Count III was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

584.    Count III was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

585.    Count III was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

586.    Count III was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

587.    Count III was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

588.    Count III was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

**COUNT IV – Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)**
**Claim against SkipperBud's**

589.    Paragraph 589 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

590.    Count IV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

591.    Count IV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

592.    Count IV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

593.    Count IV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

594.    Count IV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

595.    Count IV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

### COUNT V – Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)
### Claim against Mark Pedersen

596.    Paragraph 596 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

597.    Count V was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

598.    Count V was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

599.    Count V was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

600.    Count V was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

601.	Count V was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

602.	Count V was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

### COUNT VI – Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)
### Claim against Dan Zenz

603.	Paragraph 603 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

604.	Count VI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

605.	Count VI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

606.	Count VI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

607.	Count VI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

608.	Count VI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

609.	Count VI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

**COUNT VII – Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)**
**Claim against Todd Riepe**

610.    Paragraph 610 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

611.    Count VII was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

612.    Count VII was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

613.    Count VII was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

614.    Count VII was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

615.    Count VII was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

616.    Count VII was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

**COUNT VIII – Ohio Uniform Commercial Code 2-608 (Ohio Rev. Code § 1302.66)**
**Nonconforming Goods and Revocation of Acceptance Claim**
**against SkipperBud's**

617.    Paragraph 617 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

618.    Paragraph 618 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 618 are denied.

619.    Paragraph 619 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 619 are denied.

620.    Paragraph 620 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 620 are denied.

621.    Paragraph 621 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 621 are denied.

622.    Paragraph 622 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 622 are denied.

623.    Paragraph 623 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 623 are denied.

624.    Paragraph 624 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 624 are denied.

625.    Paragraph 625 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 625 are denied.

**COUNT IX – Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et. seq.*)**
**Breach of Written Warranty**
**Claim against Cruisers Yachts**

626.    Paragraph 626 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

627.    Denied. The allegations in Paragraph 627 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 627.

628.    Denied. The allegations in Paragraph 628 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 628.

629.    Denied. The allegations in Paragraph 629 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts denies the allegations in Paragraph 629.

630.    Denied.

631.    Denied, including all subparts.

632.    Denied.

### COUNT X - Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.)
### Breach of Implied Warranty of Merchantability
### Claim against Cruisers Yachts

633.    Paragraph 633 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

634.    Count X was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

635.    Count X was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

636.    Count X was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

637.    Count X was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

638. Count X was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

639. Count X was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

**COUNT XI - Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.)**
**Breach of Implied Warranty of Fitness for Particular Purpose**
**Claim against Cruisers Yachts**

640. Paragraph 640 is an incorporation-by-reference paragraph to which no response is required. To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

641. Count XI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

642. Count XI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

643. Count XI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

644. Count XI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

645. Count XI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

646. Count XI was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

**COUNT XII - Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.)**
**Breach of Implied Warranty of Merchantability**
**Claim against SkipperBud's**

647.     Paragraph 647 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

648.     Paragraph 648 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 648 are denied.

649.     Paragraph 649 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 649 are denied.

650.     Paragraph 650 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 650 are denied.

651.     Paragraph 651 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 651 are denied.

652.     Paragraph 652 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 652 are denied.

653.     Paragraph 653 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 653 are denied.

654.     Paragraph 654 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 654 are denied.

**COUNT XIII - Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.)**
**Breach of Implied Warranty of Fitness for Particular Purpose**
**Claim against SkipperBud's**

655.     Paragraph 655 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

656.     Paragraph 656 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 656 are denied.

657.     Paragraph 657 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 657 are denied.

658.     Paragraph 658 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 658 are denied.

659.     Paragraph 659 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 659 are denied.

660.     Paragraph 660 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 660 are denied.

661.     Paragraph 661 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 661 are denied.

662.     Paragraph 662 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 662 are denied.

**COUNT XIV - Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.)**
**Breach of Written Warranty**
**Claim against Kohler**

663.    Paragraph 663 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

664.    Count XIV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

665.    Count XIV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

666.    Count XIV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

667.    Count XIV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

668.    Count XIV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

**COUNT XV - Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)**
**Claim against John Ferfecki**

669.    Paragraph 669 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

670.    Count XV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

671.    Count XV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

672.    Count XV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

673.    Count XV was dismissed by the Court with prejudice on April 17, 2025, *see* ECF No. 58, and therefore no response is required.

### COUNT XVI - Breach of Contract
### Claim against Jet Thruster

674.    Paragraph 674 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

675.    Paragraph 675 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 675 are denied.

676.    Paragraph 676 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 676 are denied.

677.    Paragraph 677 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 677 are denied.

678.    Paragraph 678 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 678 are denied.

679.    Paragraph 679 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 679 are denied.

### COUNT XVII - Breach of Implied Warranty of Workmanlike Performance
### Claim against Jet Thruster

680.    Paragraph 680 is an incorporation-by-reference paragraph to which no response is required.  To the extent that a response is deemed required, Cruisers Yachts incorporates by reference its responses to Paragraphs 1-567 as if fully set forth herein.

681.    Paragraph 681 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 681 are denied.

682.    Paragraph 682 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 682 are denied.

683.    Paragraph 683 is not asserted against Cruisers Yachts and, therefore, no response is required.  To the extent that a response is required, the allegations in Paragraph 683 are denied.

## GENERAL DENIAL

Cruisers Yachts further denies each and every allegation contained in the Complaint to which Cruisers Yachts has not specifically admitted, denied, or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

Subject to its response above, and upon information and belief, Cruisers Yachts alleges and asserts the following affirmative defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Cruisers Yachts specifically reserves all rights to allege additional affirmative defenses pursuant to any scheduling order or that may otherwise be lawfully asserted in this action for any reason, including those that become known through the course of discovery or further investigation.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

1.    The Detricks have failed to state a claim upon which relief may be granted.  In particular, the Detricks' Complaint is a shotgun complaint and does not identify its claims with any particularity as required by the Federal Rules of Civil Procedure.

## SECOND DEFENSE
## (WAIVER, ACQUIESCENCE, ESTOPPEL, ACCORD/SATISFACTION)

2.      The Detricks' claims are barred, in whole or in part, by one or more of the doctrines of waiver, acquiescence, estoppel, and accord/satisfaction.

## THIRD DEFENSE
## (STATUTE OF LIMITATIONS)

3.      The Detricks' claims are barred, in whole or in part, by the applicably statutes of limitations.

## FOURTH DEFENSE
## (LACHES/DELAY)

4.      The Detricks' claims are barred, in whole or in party, from any recovery against Cruisers Yachts by reason of the doctrine of laches/delay.

## FIFTH DEFENSE
## (PREEMPTION)

5.      The Detricks' claims are barred, in whole or in part, by the doctrine of preemption.

## SIXTH DEFENSE
## (MERGER)

6.      The Detricks' claims are barred, in whole or in part, by the doctrine of merger.

## SEVENTH DEFENSE
## (UNCLEAN HANDS)

7.      The Detricks' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE
## (LACK OF JURISDICTION)

8.      The Detricks' claims are barred, in whole or in part, by lack of jurisdiction over some of Plaintiffs' claims.

## NINTH DEFENSE
## (FAILURE TO MITIGATE)

9.      The Detricks' claims are barred, in whole or in part, by the failure to mitigate any damages that it allegedly sustained that could have been avoided.

## TENTH DEFENSE
## (LIMITATIONS OF REMEDIES)

10.      The Detricks' claims are limited by the terms of the applicable Cruisers Yachts Limited Warranty.   The terms of the Cruisers Yachts Limited Warranty include disclaimers of implied warranties and consequential damages, amongst other exclusions and limitations.

## ELEVENTH DEFENSE
## (FAILURE TO GIVE NOTICE AND REASONABLE OPPORTUNITY TO REPAIR)

11.      The Detricks failed to give Cruisers Yachts timely notice of any of the alleged non-conformities in the Vessel, and failed to give reasonable opportunity to repair and perform on the Cruisers Yachts Limited Warranty.

## TWELFTH DEFENSE
## (TIME OF SALE)

12.      The issues that the Detricks complain of in the Complaint, if proven, did not exist in the Vessel at the time of sale.

## THIRTEENTH DEFENSE
## (UNJUST ENRICHMENT)

13.      The Detricks are barred from recovery from Cruisers Yachts by the unjust enrichment that they would obtain.

## FOURTEENTH DEFENSE
## (RIGHT TO OFFSET/COLLATERAL SOURCES)

14.      To the extent that Cruisers Yachts is held liable for any damages ultimately awarded to Plaintiffs, the determination of the amount of damages must be offset/set-off by amounts

recovered by Plaintiffs in any settlements made with other parties, if any, as well as any amounts which have been paid for the benefit of Plaintiffs or which are otherwise available to them from any collateral sources.

**FIFTEENTH DEFENSE**
**(MISUSE)**

15.     The Detricks' claimed damages were caused in whole or in part by abuse, misuse, and/or knowing misuse of the product in an unforeseeable and unintended fashion, including an accident, misapplication, alteration, improper installation, negligence, or modification, which bars Plaintiffs from any recovery against a manufacturer.

**SIXTEENTH DEFENSE**
**(PRODUCT MODIFIED)**

16.     To the extent that the Vessel was modified, altered, or otherwise tampered with in an unforeseeable manner after it left the possession and control of Cruisers Yachts, then Plaintiffs' recovery is barred.

**SEVENTEENTH DEFENSE**
**(COMPARATIVE NEGLIGENCE)**

17.     The Detricks' claimed damages were caused in whole or in part by Plaintiffs' own negligence or other improper conduct, and therefore, the doctrine of comparative negligence applies to bar and/or reduce Plaintiffs' recovery, if any.  For instance, Plaintiffs failed to exercise due care when maintaining and operating the Vessel.

**EIGHTEENTH DEFENSE**
**(LACK OF PRIVITY)**

18.     The Detricks' warranty claims are barred, in whole or in part, by the lack of privity between Cruisers and the Detricks.

## ADDITIONAL AFFIRMATIVE DEFENSES

Cruisers Yachts has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses.  Cruisers Yachts reserves the right to assert additional affirmative defenses in the event that discovery indicates that they are appropriate.  Cruisers Yachts expressly reserves its right, pursuant to Federal Rule of Civil Procedure 15, to supplement or amend its Answer and Affirmative Defenses upon further investigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Cruisers Yachts respectfully seeks the following relief:

1. That the Court enter judgment in Cruiser Yachts' favor;

2. That the Detricks take nothing by its Complaint and that its claims against Cruisers Yachts be dismissed with prejudice;

3. That judgment be entered finding that Cruisers Yachts did not make a negligent misrepresentation to the Detricks;

4. That judgment be entered finding that Cruisers Yachts has not violated the Ohio Consumer Sales Practices Act.

5. That judgment be entered finding that Cruisers Yachts has not breached the Magnuson Moss-Warranty Act through a breach of a written warranty.

6. That judgment be entered finding that Cruisers Yachts has not breached the Magnuson Moss-Warranty Act through a breach of an implied warranty of merchantability.

7. That judgment be entered finding that Cruisers Yachts has not breached the Magnuson Moss-Warranty Act through a breach of an implied warranty of fitness for a particular purpose.

8.      That judgment be entered finding that the Detricks have suffered no compensable damages;

That an order be entered declaring that Cruisers Yachts is the prevailing party and awarding Cruisers Yachts its costs, expenses, disbursements, and reasonable attorneys' fees under Federal Rule 54, and all other applicable statutes, rules, and common law;

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38, Cruisers Yachts respectfully demands a jury on all issues triable to a jury in this action.

Dated:  May 1, 2025                        Respectfully submitted,

                                           /s/ Travis L. Brannon
                                           Travis L. Brannon  (No.  99290)
                                           Christine G. Scherer (No. 101381)
                                           Christina M. Paul (*pro hac vice*)
                                           Charles F. Wolf (*pro hac vice*)
                                           K&L Gates LLP
                                           210 Sixth Avenue
                                           Pittsburgh, PA 15222
                                           Phone: (412) 355-6500
                                           Fax: (412) 355-6501
                                           travis.brannon@klgates.com
                                           christine.scherer@klgates.com
                                           christina.paul@klgates.com
                                           charles.wolf@klgates.com

                                           *Attorneys for Defendants Cruisers Yachts,*
                                           *SkipperBud's, Mark Pedersen, Dan Zenz,*
                                           *Todd Riepe, and John Ferfecki*

- 76 -

- 77 -

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are deemed to have consented to electronic service and are being served on May 1, 2025 with a copy of this document via the Court's CM/ECF system.

*/s/ Travis L. Brannon*