IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **NORM DETRICK, et al.,** | Case No. 5:24-cv-1154 |
| **Plaintiffs,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **KCS INTERNATIONAL INC, et al.,** | |
| **Defendants.** | |
| | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Plaintiffs Norm Detrick and Judy Detrick's (together, the "Detricks" or "Plaintiffs") Motion for Partial Reconsideration And, If Necessary, Leave to Amend the Complaint ("Plaintiffs' Motion") (Doc. No. 63) regarding the Court's April 17, 2025 Memorandum Opinion and Order. (Doc. No. 58). On May 23, 2025, Defendants Cruisers Yachts – KCS International Inc. d/b/a Cruisers Yachts ("Cruisers") and Skipper Marine of Ohio, LLC d/b/a SkipperBud's ("SkipperBud's") (together, the "Defendants") filed their Opposition to Plaintiffs' Motion ("Defendants' Opposition"). (Doc. No. 68.) On May 30, 2025, Plaintiffs filed their Reply ("Plaintiffs' Reply"). (Doc. No. 69.)

For the following reasons, Plaintiffs' Motion (Doc. No. 63) is DENIED.

I.  **Background**

This case concerns the Detricks' allegations that Defendants sold them a defective vessel (the "54 Fly") and misrepresented its quality, and that despite the Detricks' repeated requests to repair it, Defendants failed to do so. (Doc. No. 1.)

On July 9, 2024, the Detricks filed their Complaint that included claims against Defendants for violations of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et*

*seq*. (Counts III and IV).[1] (Doc. No. 1 at PageID#s 77-81.) On September 9, 2024, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) ("Defendants' Motion"), that in part sought dismissal of Counts III and IV on the grounds that Defendants' alleged misrepresentations amounted to mere puffery and failed to satisfy Rule 9(b)'s heightened pleading standard. (Doc. No. 27-1 at PageID#s 1188-90.) In their Motion to Dismiss, Defendants argued that the Detricks lumped Cruisers and SkipperBud's together with other defendants named in this action, and failed to include the time, place, and content of the alleged misrepresentations. (Doc. No. 27-1 at PageID#s 1178, 1188-89.)

On October 9, 2024, the Detricks filed a Brief in Opposition arguing that Rule 9(b) does not apply to OCSPA claims and in support thereof, cited two unpublished cases from the Southern District of Ohio,[2] where each court declined to apply Rule 9(b) to OCSPA claims because the word "fraud" does not appear in the OCSPA statute. (Doc. No. 35 at PageID#s 1511-12.) The Detricks limited their argument in opposition to Defendants' contention that their OCSPA claims had not been sufficiently pled under Rule 9(b) to the following:

> Even assuming Rule 9(b) applies, Defendants [sic] argument is unavailing. As described above, and set forth in the Complaint, Plaintiffs have alleged the substance, timing, location, manner, and source of the deceptive statements of Defendants. Defendants' vague claims about a lack of particularity or specificity are entirely insufficient. Accordingly, Defendants' Motion must be denied as to this argument and Counts III, IV, V, VI, VII, VIII, and XV of the Complaint.

(Doc. No. 25 at PageID# 1512.)

---

[1] The Detricks asserted seventeen (17) counts against eight (8) defendants, but only Counts III and IV against Cruisers and SkipperBud's are relevant to resolving Plaintiffs' Motion. (Doc. No. 1 at PageID#s 1-2, 75-96; Doc. No. 58 at PageID#s 1874-75.)

[2] *Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*, 2021 WL 825978 (S.D. Ohio Mar. 4, 2021); *Ferron v. Search Cactus, L.L.C.*, 2007 WL 1792332 (S.D. Ohio June 19, 2007).

2

On October 23, 2024, Defendants filed their Reply in Support of their Motion to Dismiss, responding to the Detricks' argument that Rule 9(b) did not apply by citing three cases also from the Southern District of Ohio in which the courts did apply Rule 9(b) to OCSPA claims.[3] (Doc. No. 40 at PageID# 1754.)

On April 14, 2025, the Detricks filed a "Motion for a Telephonic Status Conference" to "discuss the status of the three pending and fully briefed motions" and the "anticipated timing of the Court's decisions on the pending motions[.]" (Doc. No. 57 at PageID# 1855.) On April 17, 2025, the Court issued its 81-page Memorandum Opinion and Order, declining to dismiss Counts III and IV as mere puffery, but dismissing those counts with prejudice because: (1) the Detricks' allegations failed to satisfy the heightened pleading requirements of Rule 9(b); and (2) the Detricks had "waived the argument" by setting forth a response "so perfunctory and undeveloped as to be forfeited." (Doc. No. 58 at PageID#s 1897-1902) (citations omitted).

On May 15, 2025, the Detricks filed Plaintiffs' Motion. (Doc. No. 63.) In Plaintiffs' Motion, the Detricks request that the Court reconsider the April 17 Memorandum Opinion and Order by modifying it such that Counts III and IV would be dismissed without prejudice rather than with prejudice so as to allow the Detricks to file a Proposed Amended Complaint to include the details that they contend would be sufficient for Claims III and IV to survive the application of Rule 9(b). (*Id.* at PageID# 2112.) On May 23, 2025, Defendants filed their Opposition. (Doc. No. 68.) On May 30, 2025, the Detricks filed their Reply. (Doc. No. 69.)

**II.     Standard of Review**

---

[3] *Gardner v. Randall Mortg. Servs., Inc.*, 2009 WL 3756340 (S.D. Ohio. Nov. 9, 2009); *Ferron v. Zoomego, Inc.*, 2007 WL 1974946 (S.D. Ohio July 3, 2007); *Delahunt v. Cytodyne Tech.*, 241 F. Supp. 2d 827 (S.D. Ohio 2003).

3

The parties disagree about the standard of review applicable to evaluating Plaintiffs' Motion. In their Motion, the Detricks cite to both Rule 54(b) and Rule 59(e) in the standard of review section set forth therein.[4] (Doc. No. 63 at PageID# 2113.) In Defendants' Opposition, Defendants do not mention Rule 54(b) but only reference Rule 59(e) in their standard of review section. (Doc. No. 68 at PageID# 2244.) Therein, Defendants cite a district court opinion, *Warstler v. Medtronic, Inc.*, 2017 WL 3088037 at *2-3 (N.D. Ohio July 20, 2017) for the proposition that "[w]hen a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a *heavier burden*. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." (*Id.* at PageID# 2246) (emphasis added). In their Reply, the Detricks respond that *Warstler*'s reference to a "heavier burden" is "inapposite" because "it applies only in the context of a final judgment." (Doc. No. 69 at PageID# 2254.) The Detricks cite *Holland v. Health*, 375 F. Supp. 3d 819, 820 (N.D. Ohio 2019), for the proposition that the "absence of a final judgment" means that "*Warstler* and the 'heavier burden' referenced by the Defendants do not apply." (Doc. No. 69 at PageID# 2255.) The Detricks cite to *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010), to argue that "district courts have 'considerable discretion' in deciding whether to grant motions for reconsideration." (*Id.*)

However, the Court rejects the Detricks' contention that the standard of review for reconsidering a final judgment is higher than the standard of review for reconsidering an interlocutory

---

[4] "Rule 59(e) is only applicable where final judgment has been rendered, and motions for reconsideration of interlocutory orders are brought under Rule 54(b)." *Am. Clothing Express, Inc. v. Cloudflare, Inc.*, 2022 WL 3401929 at *1 (W.D. Tenn. Aug. 16, 2022) (citing *Adkisson v. Jacobs Engineering Group, Inc.*, 36 F.4th 686, 694 (6th Cir. 2022)). The April 17 Memorandum Opinion and Order is an interlocutory order because it resolves fewer than all of the claims. *See* Fed. R. Civ. P. 54(b).

order. Courts apply an identical standard of review to motions to reconsider under Rule 59(e) and Rule 54(b).[5] *See Novia Commc'ns, LLC v. Weatherby*, 2019 WL 669622 at *1 (N.D. Ohio Feb. 19, 2019) ("[T]he standard is nearly identical for both a Rule 54(b) and Rule 59(e) motion[.]"), *aff'd*, 2021 WL 3399827 (6th Cir. Aug. 4, 2021); *Brookdale Senior Living, Inc. v. Caudill*, 2015 WL 5822633 at *2 (E.D. Ky. Oct. 1, 2015) ("[T]he standard for reconsidering interlocutory orders under Rule 54(b) is the same as the standard under Rule 59(e).").[6]

A court may grant a motion to reconsider when the plaintiff shows "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

---

[5] *See also eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases) ("Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts (including this court) frequently apply the same standards to the two."); *Hurt v. Javed*, 2024 WL 640849 at *2 (N.D. Ill. Feb. 15, 2024) ("The standard of review for motions to reconsider brought under Rules 54(b) and 59(e) are virtually identical."); *Watkins v. Fox*, 2024 WL 262686 at *2 (M.D. Fla. Jan. 24, 2024) (citation omitted) ("Whether considered under Federal Rules of Civil Procedure 54(b), 59(b), or 60(b), motions for reconsideration are generally all evaluated under the same standard."); *Mitchell v. Div. of Adult Institutions*, 2025 WL 18655 at *2 (E.D. Wis. Jan. 2, 2025) (citation omitted) ("The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)."); *Mays v. Chevron Pipe Line Co.*, 2018 WL 4390750 at *4 (W.D. La. Sept. 14, 2018) ("Because requests to reconsider interlocutory orders under Rule 54(b) require courts to consider many of the policies behind Rule 59(e) requests to alter or amend an order or judgment, courts apply the Rule 59(e) standard to Rule 54(b) motions to reconsider."); *Booker v. Fayette Cnty. Sheriff's Dep't*, 2014 WL 2767078 at *1 (S.D. W.Va. June 18, 2014) (quoting *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W.Va. 1998)) ("[T]his district has been 'guided by the general principles of Rules 59(e) and 60(b) in determining whether a Rule 54(b) motion should be granted."); *Blanch v. Chubb & Sons, Inc.*, 124 F. Supp. 3d 622, 628-29 (D. Md. 2015) ("Although the Fourth Circuit has not identified the precise standard for resolving such a motion [under Rule 54(b)], courts often apply the standards applicable to motions under Rules 59(e) or 60(b)."); *MTGLQ Invs., LP v. Wellington*, 2018 WL 3868724 at *2 (D.N.M. Aug. 14, 2018) (quoting *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013)) ("[I]n considering [a] Rule 54(b) motion to reconsider, [a] 'court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).").

[6] The Detricks misconstrue *Warstler*'s reference to a "heavier burden." *Warstler* cited the "heavier burden" language from *Leisure Caviar* to explain that the standard of review for a motion to reconsider imposes a "heavier burden" on the plaintiff *than that imposed by a motion for leave to amend under Rule 15*. *See Warstler*, 2017 WL 3088037 at *3 (citing *Leisure Caviar*, 616 F.3d at 616). *Leisure Caviar* did not employ the "heavier burden" language to draw any contrast or distinction between the standard of review applicable to a motion under Rule 59(e) and a motion under Rule 54(b). *See Leisure Caviar*, 616 F.3d at 616. Thus, although in Plaintiffs' Motion the Detricks also seek leave to amend their Complaint under Rule 15, the Rule 15 standard is only applicable if the Detricks meet the "heavier burden" applicable in evaluating their request or motion for reconsideration of the Court's dismissal of Counts III and IV with prejudice.

5

manifest injustice." *Leisure Caviar*, 616 F.3d at 615 (citation omitted); *see also Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (quoting *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)) (applying same factors to motion to reconsider an interlocutory order); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (same); *Christian v. Altaire Pharms., Inc.*, 2021 WL 3578812 at *3 (6th Cir. Aug. 10, 2021) (same).

"It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996); *see also Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Motions to alter or amend are extraordinary and should be sparingly granted. *See Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co., Ltd.*, 2007 WL 1362457 at *2 (N.D. Ohio May 7, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

**III.  Analysis**

    **A. This Court did not commit a "clear error of law" by dismissing the Detricks' OCSPA claims with prejudice.**

The Detricks argue that the Court committed a clear error of law by dismissing the Detricks' OCSPA claims with prejudice without leave to amend rather than without prejudice. (Doc. No. 63 at PageID# 2114.) They rely primarily on this Court's observation that "[d]ismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment." *Princeton Excess & Surplus Lines Ins. Co. v. Caraballo*, 693 F. Supp. 3d 783, 794 (N.D. Ohio 2023) (Barker, J.) (hereinafter, "*PESLIC*") (quoting *Stewart v. IHT*

*Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021)). Thus, the Detricks contend that because their Complaint could be saved by an amendment, the "with prejudice" dismissal was not appropriate and therefore a clear error of law. (*Id.*) In their Opposition, Defendants respond that "if the Plaintiffs had more specific allegations that could satisfy a heightened pleading standard, they should have included them in the original complaint. Failing that, they should have requested leave to amend in their opposition to the motion to dismiss." (Doc. No. 68 at PageID# 2243.) In their Reply, the Detricks claim that Defendants lack "support or authority" for the proposition that the Detricks "should have requested leave to amend in their opposition to the motion to dismiss" and cite *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) for the proposition that a "bare request for leave to amend in an opposition brief is not a proper motion to amend." (Doc. No. 69 at PageID# 2251.) Now, the Detricks submit, they have timely requested reconsideration and leave to amend and therefore, according to *PESLIC*, dismissal without prejudice would not be appropriate. (*Id.*) They also note that Defendants did not rebut their contention that Counts III and IV can be saved by amendment. (*Id.* at PageID# 2252.)

However, even if Counts III and IV could be saved by amendment, the Detricks are too late. This Court concludes that it was not a clear error of law for the Court to dismiss Counts III and IV with prejudice because the Detricks failed to move to amend *before* the Court issued its April 17 Memorandum Opinion and Order.

Rule 15 provides: "(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it . . . (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Thus,

7

when the Defendants filed Defendants' Motion to Dismiss on September 9, 2024, which notified the Detricks of three cases applying Rule 9(b) to OCSPA claims, the Detricks had until September 30, 2024,[7] to amend the Complaint *as a matter of course* to include the information they now submit. (Doc. No. 27; Doc. No. 63-1.) Thereafter, they additionally had from September 30, 2024, until April 17, 2025— over six (6) months— to request leave under the liberal standard of Rule 15. *See* Fed. R. Civ. 15(a)(2). But they did not do so. Instead, they made the strategic decision to wait for the Court to rule on Defendants' Motion to Dismiss and at no time prior to the issuance of the April 17 Memorandum Opinion and Order did Plaintiffs indicate an intention or request to supplement the Complaint. (Doc. No. 58.) As explained below, having made their choice to rest on the Complaint as submitted, it was not a clear error of law for this Court to dismiss the Complaint with prejudice.

The Detricks accurately quote from this Court's decision in *PESLIC* that "[t]he Sixth Circuit has held that "[d]ismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment." 693 F. Supp. 3d at 784 (quoting *Stewart*, 990 F.3d at 457 and *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015)). But they ignore or fail to acknowledge the sentence this Court set forth immediately thereafter, to wit: "That being said, 'a district court does not abuse its discretion by failing to grant leave to amend where the plaintiff has not sought leave and offers no basis for any proposed amendment.'" *Id.* (quoting *United States ex rel. Harper v. Muskingum Watershed Cons. Dist.*, 739 Fed. Appx. 330, 335 (6th Cir. 2018) (citing *Islamic Ctr. of Nashville v. Tenn.*, 872 F.3d 377, 387 (6th

---

[7] Because September 29, 2024, fell on a Sunday, the deadline was Monday, September 30, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C).

Cir. 2017) and *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008))).[8] (Doc. No. 63 at PageID# 2114; Doc. No. 69 at PageID# 2252.)

In *PESLIC*, this Court exercised its discretion under the Sixth Circuit's standard from *Harper* to dismiss the defendant's counterclaim with prejudice and without leave to amend in part because the defendant "failed to address [the prejudice] issue in its Brief in Opposition *or otherwise ask this Court for yet another opportunity to amend*." *Id.* (emphasis added). The defendant's failure to request an opportunity to amend was integral to the Court's analysis because in *Harper*, the court recognized that

> [*a*] *district court does not abuse its discretion by failing to grant leave to amend where the plaintiff has not sought leave and offers no basis for any proposed amendment*. The problem with the lack of a motion or proposed amendment is that without viewing the proposed amendment, it is impossible for the district court to determine whether leave to amend should have been granted. Implicit in Rule 15(a) is that the district court must be able to determine whether justice so requires, and in order to do this, the court must have before it the substance of the proposed amendment. Here, although the relators sought leave to supplement their briefing on the 12(b)(6) motion to address this court's ruling in *Harper I*, they made no attempt to amend their complaint in accordance with that ruling. Unlike *Harper I*, they did not file a motion for leave to amend in conjunction with their response to MWCD's motion to dismiss. Nor have they offered any other hint as to what they could add to their complaint that might satisfy Rule 8's pleading requirements.

739 Fed. Appx. at 335-36 (internal citations omitted) (emphasis added). *Harper* clarified that a pre-dismissal motion to amend is imperative because when the court rules on a motion to dismiss without a proposed amended complaint, the court is unable to determine if the plaintiff possesses the facts necessary to properly state its claim. *See id.* (citing *Beydoun v. Sessions*, 871 F.3d 459, 470 (6th Cir. 2017). Thus, *PESLIC* and *Harper* confirm that it is not an abuse of discretion for the court to dismiss

---

[8] *See also Tessanne v. Children's Hosp. Med. Ctr. of Akron*, 2024 WL 1435306 at *6 (6th Cir. Apr. 3, 2024); *K.W. v. Canton City Sch. Dist.*, 2022 WL 17539688 at *2 (N.D. Ohio Dec. 8, 2022).

claims with prejudice and without leave to amend where the plaintiff offers no proposed amended complaint before dismissal.

In their Reply, the Detricks justify their failure to seek leave to amend in their opposition on the basis that an opposition brief is an improper way to make a motion to amend, citing *La. Sch. Emps. Ret. Sys.*, 622 F.3d at 486. (Doc. No. 69 at PageID# 2251.)  But *La. Sch. Emps. Ret. Sys.* did not hold that motions to amend could *never* be made in an opposition to a motion to dismiss, but only that a proper motion to amend includes a memorandum identifying the proposed amendments.  *See id.* at 486.  In that case, it was only because the plaintiffs' "request for leave to amend" in their brief in opposition to the motion to dismiss was "'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss'" that the court could not construe the request as a proper motion to amend.  *Id.* (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)). The court quoted *Begala* to reiterate that

> [h]ad plaintiffs filed a motion to amend the complaint prior to the Court's consideration of the motions to dismiss and accompanied that motion *with a memorandum identifying the proposed amendments*, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint . . . Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies*.

*Id.* (quoting *Begala*, 214 F.3d at 784) (emphasis added).  The court went on to note that the plaintiffs' request, which read only that "[s]hould the Court grant any portion of Ernst & Young's motion to dismiss, Plaintiffs respectfully request an opportunity to move to amend the pleadings and demonstrate that an amendment would cure any deficiencies[,]" was not sufficient.  *Id.*  So, while the Detricks are correct that they could not make the "bare request" the court in *La. Sch. Emps. Ret. Sys.* found to be insufficient, they are wrong to suggest that *any* request in their opposition would have

been improper. In other words, they could have followed *La. Sch. Emps. Ret. Sys.*'s instructions— make a request to amend and attach the "memorandum identifying the proposed amendments"— but the Detricks did not. *See* 622 F.3d at 471 (quoting *Begala*, 214 F.3d at 784). By waiting until after this Court issued its April 17 Memorandum Opinion and Order and only now seeking an opportunity to amend, the Detricks have improperly treated the April 17 Memorandum Opinion and Order as an "advisory opinion from the Court informing them of the deficiencies of the complaint[.]" *Id.* (quoting *Begala*, 214 F.3d at 784) (affirming district court's dismissal with prejudice and without leave to amend). That is why Defendants are correct that the Detricks "should have requested leave to amend in their opposition to the motion to dismiss." (Doc. No. 68 at PageID# 2243.) Indeed, after the filing of Defendant's Motion to Dismiss, the Detricks had 21 days to file an amended complaint without seeking leave of court to do so. *See* Fed. R. Civ. P. 15(a)(1)(B). And even after the 21 days allotted by Rule 15 to amend their complaint expired, the Detricks could have filed a separate motion to amend at any time before the Court ruled on Defendant's Motion to Dismiss, but they did not do that either.

The Detricks also heavily rely on *PESLIC*'s ostensibly favorable proposition that "[d]ismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment," but their reliance is misplaced because it removes that proposition from its essential context in *Newberry v. Silverman*, 789 F.3d 636, 645-46 (6th Cir. 2015).[9] In *Newberry*, the Sixth Circuit held that the district court abused its discretion in dismissing plaintiff Newberry's claims with prejudice because Newberry

---

[9] *Newberry* draws this standard from *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

> filed a 10-page affidavit in support of his opposition to Silverman's original motion to dismiss. That affidavit goes into significantly greater detail regarding Silverman's alleged fraud than the complaint does in its current form. The affidavit, which was before the district court at the time it dismissed Newberry's case, strongly suggests that Newberry could amend his complaint to include allegations going into a similar degree of detail, which would likely meet the requirements of Rule 9(b).

789 F.3d at 645. In *Newberry*, the Sixth Circuit reversed the district court's dismissal precisely because the district court already possessed the affidavit setting forth the information necessary for the plaintiff to meet Rule 9(b)'s pleading standard, yet it had dismissed Newberry's claims. *See id.* By contrast, at the time this Court issued the April 17 Memorandum Opinion and Order, the Detricks had not filed any document suggesting their intention or ability to amend the Complaint with sufficient detail to satisfy Rule 9(b). Therefore, it was not an error of law for the Court to deny the Detricks' OCSPA claims with prejudice and without leave to amend because there was no proposed amendment before the Court.

Recently, the Sixth Circuit in *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 550 (2024) confirmed that it was not an "error of law" on a Rule 59(e) motion for the district court to dismiss relators' qui tam action with prejudice for failure to satisfy Rule 9(b) because the relators failed to move for leave to amend before judgment. *See* 106 F.4th at 453-55. Under the abuse of discretion standard, the Sixth Circuit affirmed the district court's dismissal with prejudice, explaining:

> We are not left with the 'definite and firm conviction' that the district court erred in denying relators what was essentially a fourth bite at the apple. For good reason, matters like leave to amend typically are left to the district court's discretion. Here, despite facing motions to dismiss from all defendants, relators failed to file a motion for leave to amend their operative complaint. The district court in turn dismissed the complaint with prejudice. Doing so where a plaintiff has not sought leave to amend typically is not an abuse of discretion. That is all the more true when, as here, relators failed to file their proposed amended complaint until after judgment was entered.

*Id.* (internal citations omitted). The court concluded that dismissal with prejudice was not an abuse of discretion because it was within the district court's discretion to deny leave to amend due to a "dilatory motive." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("Despite sufficient opportunity, relators did not formally seek leave to amend before the entry of judgment. This is, at the very least, dilatory.").

Indeed, shortly before the Court issued the April 17 Memorandum Opinion and Order, the Sixth Circuit reiterated the same principle in *Salazar v. Paramount Glob.*, 133 F.4th 642 (6th Cir. 2025). The court noted that "when 'a party does not file a motion to amend or a proposed amended complaint in the district court, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.'" 133 F.4th 642, 653 (6th Cir. 2025) (quoting *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs., LLC*, 700 F.3d 829, 844 (6th Cir. 2012)). The court reasoned that

> Salazar filed neither a motion to amend nor a proposed amended complaint. Instead, he requested leave to amend his complaint only in a single cursory footnote at the end of his response to Paramount's motion to dismiss: 'To the extent the Court grants Defendant's motion, Plaintiff respectfully requests that he be permitted to amend his complaint to address any issues the Court raises in its Order.' This 'cursory request' did not 'explain how a second amended complaint would resolve the problems in the first.' So the district court did not abuse its discretion in dismissing Salazar's complaint with prejudice.

*Id.* at 653 (6th Cir. 2025) (quoting *Crosby v. Twitter, Inc.*, 921 F.3d 617, 628 (6th Cir. 2019)) (internal citations omitted).

Just as in *Angelo* and *Salazar*, the Detricks too did not file a motion to amend their Complaint or a proposed amended complaint despite Defendants' Motion to Dismiss, so the Court did not abuse its discretion by dismissing their claims with prejudice. *See id.*

In *City of Taylor Gen. Emps. Ret. Sys. v. Astec Ind.*, 2021 WL 6328370 (E.D. Tenn. May 5, 2021), the court denied a motion for reconsideration on the same grounds the Detricks assert here.

The court had "dismissed all claims asserted against [the defendants] with prejudice" but the plaintiff filed a "Motion to Alter or Amend the Judgment and for Leave to File the Proposed Amended Complaint," arguing that the court's dismissal "was clearly erroneous when it dismissed the case with prejudice and did not grant leave to amend the complaint." 2021 WL 6328370 at *1. The court noted that "the Sixth Circuit has been clear, 'if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.'" *Id.* (quoting *CNH Am. LLC v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 645 F.3d 785, 795 (6th Cir. 2011)). Then, citing *La. Sch. Emps. Ret. Sys.*, the court explained that "when the plaintiff has put forth no information as to how it would amend its complaint, the Court should dismiss the case instead of issuing an 'advisory opinion' identifying defects in the complaint." *City of Taylor*, 2021 WL 6328370 at *1. When the plaintiff cited *Stewart*'s quotation to *Newberry*, just as the Detricks have done by citing *PESLIC*'s and *Stewart*'s quotation to *Newberry*, (Doc. No. 63 at PageID# 2115; Doc. No. 69 at PageID# 2252), the court easily distinguished *Newberry* because there, "the district court was faced with a request to amend and a ten-page affidavit where the plaintiff laid out his claim in more detail. In light of that affidavit, subsequent panels of the Sixth Circuit have recognized that *Newberry* applies only when the district court can gauge if the plaintiff is likely to cure a pleading deficiency." *Id.* at *1 (citing *Harper*, 739 Fed. Appx. at 335). The court continued that "*Newberry* cannot apply in this case because it was impossible to determine if an amendment could have saved the complaint. There was no proposed amendment before the Court when the motion to dismiss was granted." *Id.* at *1 (citing *Islamic Ctr.*, 872 F.3d at 387 n.7). Thus, the court concluded:

> Plaintiff had numerous opportunities to file an amended complaint. She even could have chosen to identify in her opposition to dismissal how she would amend the

> complaint if the Court granted the motion to dismiss. She did not do that. In those circumstances, dismissal with prejudice was not an abuse of discretion. Therefore, the Court did not commit a clear error of law.
>
> Because there are no grounds that justify setting aside the judgment, the Court does not reach whether the amendment should be allowed under Rule 15's standards.

*Id.* at *1-2 (citing *Leisure Caviar*, 616 F.3d at 615-616).

Here, the Detricks simply repeated the same mistake as the claimants in the cases above in that all of them "made no attempt to amend their complaint" nor "offered any other hint as to what they could add to their complaint that might satisfy [the] pleading requirements" *before* the Court dismissed their claims. *Harper*, 739 Fed. Appx. at 336.[10] In analyzing Defendants' Motion to Dismiss, this Court could not evaluate how the Detricks would amend their Complaint because the Detricks submitted no proposed amended complaint until after the Court dismissed their OCSPA claims with prejudice. But "the Court ha[d] no obligation to 'engage in a guessing game as to what Plaintiffs might plead to save their claim.'" *Pike Cnty. Fiscal Ct. v. RCC Big Shoal, LLC*, 2020 WL 6937444 at *5 (E.D. Ky. Nov. 24, 2020) (quoting *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 552 (6th Cir. 2008)) (alterations omitted). Thus, submitting the necessary allegations to establish the "who" and "when" to survive Rule 9(b) now,[11] "with the benefit of the Court's decision," is too late.

---

[10] In both *Harper* and *Islamic Ctr.*, the court also noted that even on appeal, the claimants could not show that a proposed amendment would survive dismissal. *See* 739 Fed. Appx. at 336-37 ("Nothing in the relators' briefing suggests that they possess additional facts pertaining to [the defendant's] knowledge[.]"); 872 F.3d at 387 ("Here, there is no indication that ICN ever filed a motion to amend or a proposed amendment with the district court . . . In the absence of any indication of a motion to amend or proposed amendment, and where our de novo review indicates that any anticipated amendment would likely be fruitless, we cannot say that the district court abused its discretion."). But while the claimant's post-judgment failure to produce a satisfactory complaint was an independently sufficient basis for the Sixth Circuit to affirm the district court's dismissal with prejudice, it was not a necessary condition because both courts' analyses prioritized the claimant's pre-dismissal failure to move.

[11] Satisfying Rule 9(b), as this Court noted, requires that the plaintiff specify the "who, what, when, where, and how" of the alleged fraud. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

(Doc. No. 69 at PageID# 2250).[12] Accordingly, this Court concludes that it committed no error of law when it issued the April 17 Memorandum Opinion and Order dismissing the Detricks' OCSPA claims with prejudice.[13]

### B. The Detricks have presented no "newly discovered evidence."

As noted above, a court may grant a motion for reconsideration based on "newly discovered evidence." *Kovacs v. Univ. of Toledo*, 737 F. Supp. 3d 635, 637 (N.D. Ohio 2024) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

The Detricks do not argue that they have discovered any new evidence. Indeed, arguably the Detricks have had the information or certainly could have obtained the information they now include in their proposed amended complaint prior to the Court's issuance of its Memorandum Opinion and Order on April 17, 2025. In Plaintiffs' Motion, the Detricks do not claim that at the time they filed their original Complaint and prior to filing Plaintiffs' Motion, they did not have or could not obtain the information necessary to meet the heightened requirements of Rule 9(b) that is now included in their proposed amended complaint. Instead, in Plaintiffs' Motion, the Detricks justify their failure to

---

[12] *See Leisure Caviar*, 616 F.3d at 615-616 (quoting *James v. Watt*, 717 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.) (attribution in original)) ("If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'").

[13] The Detricks also argue that the Court committed a clear error of law by dismissing their claims with prejudice on the basis that the Detricks "forfeited and waived the argument regarding satisfying Rule 9(b)'s heightened pleading standard." (Doc. No. 63 at PageID# 2115.) They claim the cases the Court cited only pertain to forfeiture of arguments on appeal, not in trial court briefing, and that they are unaware of authority supporting the proposition that waiver "should result in dismissal with prejudice without opportunity to amend." (*Id.* at PageID# 2116.) But the Court need not address this argument because the April 17 Memorandum Opinion and Order analyzed the Complaint under Rule 9(b) and determined on the basis of the allegations that even if the Detricks had not waived the argument, the Complaint still failed to satisfy Rule 9(b). (Doc. No. 58 at PageID# 1899) ("Even assuming arguendo that the arguments were not waived, the Detricks' OCSPA claims against Cruisers Yachts [and] SkipperBud's . . . fail to satisfy Rule 9(b)[.] Therefore, the Detricks' OCSPA claims, Counts III, IV, V, VI, VII and XV, are dismissed with prejudice."). Thus, the Court need not resolve whether dismissing the Detricks' claims with prejudice *solely* due to waiver amounted to a clear error of law because the Court did not dismiss solely due to waiver, but rather, for failure to satisfy Rule 9(b).

16

include the necessary allegations in the Complaint on the basis that they "pleaded the Complaint based on their understanding and belief that the Ohio CSPA is subject to the ordinary pleading standard." (Doc. No. 63 at PageID# 2114.)  This despite Defendants' argument and cases cited in support thereof in Defendants' Motion to Dismiss, that the heightened pleading requirements of Rule 9(b) applied.  Additionally, they filed Plaintiffs' Motion only twenty-eight (28) days after the Court issued the April 17 Memorandum Opinion and Order and before the parties could have conducted any discovery, indicating that the Detricks had the necessary information or if they did not, could have obtained it relatively quickly and without conducting any discovery.

Without any argument that the Detricks recently discovered the information they intend to add to the Complaint to overcome Rule 9(b), the Court declines to grant Plaintiffs' Motion on this basis.

### C. The Detricks do not point to an "intervening change in the controlling law."

The Detricks also do not argue that there has been an intervening change in controlling law, and this Court has not identified one.  Accordingly, this too is not a basis for the Court to grant Plaintiffs' Motion.

### D. Reconsideration of the April 17 Memorandum Opinion and Order would not prevent "manifest injustice."

The Detricks argue that granting Plaintiffs' Motion avoids a manifest injustice because they pled their OCSPA claims believing the ordinary pleading standard of Rule 8 would apply, but the court applied Rule 9(b) without clear Sixth Circuit precedent settling the issue.  (Doc. No. 63 at PageID#s 2114-16.)  In their Reply (under a section header arguing that reconsideration "would prevent a manifest injustice upon the Plaintiffs"), the Detricks submit that reconsideration would

"provide Plaintiffs an opportunity to amend and litigate Counts III and IV on the merits rather than precluding them based on pleading technicalities[.]" (Doc. No. 69 at PageID# 2258.)

"[W]hether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the Court." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). The Sixth Circuit "ha[s] noted that 'manifest injustice' does not occur when a losing party attempts to 'correct what has— in hindsight— turned out to be poor strategic decision.'" *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017) (quoting *GenCorp.*, 178 F.3d at 834).

The Detricks have not shown how allowing them to resurrect their OCSPA claims prevents a "manifest injustice." The general principle that trying cases on the merits is preferable to trying them on the technicalities of pleading serves only to explain why the civil rules employ a liberal standard for amending pleadings under Rule 15 *before* the Court renders a decision, but the same principle does not apply to a motion for reconsideration made thereafter. *Compare Granus v. N. Am. Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir. 1987) (citing *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)) ("Rule 15(a) of the Federal Rules of Civil Procedure says that leave to amend 'shall be freely given when justice so requires.' Rule 15 reinforces the principle that cases should be tried on their merits rather than on the technicalities of pleadings.") *with Leisure Caviar*, 616 F.3d at 615-616 ("When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.") (citations omitted).

The critical difference is that by waiting to move to amend until after the Court had evaluated the Complaint and issued a decision, the Detricks have introduced, alongside the Court's general

interest in not deciding cases on pleading technicalities, the Court's "competing interest [in] protecting the finality of [its] judgments and the expeditious termination of litigation." *Id.* at 615-16. Thus, after the Detricks rested on the pleadings they had submitted, requested the Court's decision (Doc. No. 57 at PageID# 1855), and received it on April 17, 2025 (Doc. No. 58), the interest in not deciding issues on pleading technicalities needs to be balanced against the Court's other interests in finality and expediency.

Towards that end, the Sixth Circuit has confirmed that it is not a manifest injustice for a court to prefer finality even where it resolves an issue of first impression against the plaintiff. *See Mich. Flyer*, 860 F.3d at 426 (interpreting the meaning of the word 'individual' under the ADA). The court explained:

> Plaintiffs had numerous opportunities to seek leave to amend under Rule 15 to add the new allegations and claim. Plaintiffs could have even sought leave after Airport filed its motion to dismiss and laid out its position. At that time, Plaintiffs were well aware of arguments that individual may not include a corporate entity. Instead, strategically, Plaintiffs proceeded with the case to the point that the district court dismissed their action. Now, Plaintiffs seek reopening due to this poor strategic decision. However, if the district court would have granted this motion, it ultimately would have participated in a situation where Plaintiffs 'used the court as a sounding board to discover holes in their arguments, then reopened the case by amending their complaint to take account of the court's decision.' Therefore, the district court did not abuse its discretion. Instead, it remained committed to the finality of judgment and prevented Plaintiffs from sidestepping Rule 59.

*Id.* (citing *Leisure Caviar*, 616 F.3d at 616) (alterations omitted); *see also City of Taylor*, 2021 WL 6328370 at *2 (rejecting plaintiff's contention that not allowing her case to be heard on the merits would result in a "manifest injustice.").

Just as the plaintiffs in *Mich. Flyer* and *City of Taylor*, the Detricks strategically proceeded without amending their Complaint. *See* 860 F.3d at 426; 2021 WL 6328370 at *2. And the Detricks also affirm that they share the Court's interest in quickly resolving the litigation: "As the Court is

19

aware from prior filings, Plaintiffs have a strong interest in the timely and efficient litigation of this matter, because of the significant costs and burdens they are bearing on an ongoing basis related to the 54 Fly." (Doc. No. 69 at PageID# 2251.) The already-extensive scope of the Complaint's allegations, the Detricks' refusal to amend even *after* Defendants introduced contrary, well-reasoned caselaw indicating that Rule 9(b) would apply to their OCSPA claims, and the Detricks' own acknowledgment of their interest in promptly resolving the litigation all weigh in favor of the Court's decision to prioritize finality and expediency over revisiting the April 17 Memorandum Opinion and Order. Therefore, the Court rejects the Detricks' contention that reconsideration is necessary to prevent a "manifest injustice."

Accordingly, the Court finds that the Detricks have not shown a clear error of law, presented new evidence, identified an intervening change in controlling law, or established that reconsideration prevents a manifest injustice. Thus, the Court declines to grant Plaintiffs' Motion. (Doc. No. 63.)

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion (Doc. No. 63) is DENIED.

**IT IS SO ORDERED.**

                                                s/Pamela A. Barker
                                                PAMELA A. BARKER
Date: June 17, 2025                             U. S. DISTRICT JUDGE