IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NORM DETRICK, et al., | Case No. 5:24-cv-1154 |
| Plaintiffs, | |
| -vs- | |
| KCS INTERNATIONAL INC, et al., | JUDGE PAMELA A. BARKER |
| Defendants. | MEMORANDUM OPINION AND ORDER |

This matter is before the Court upon Defendants Cruisers Yachts – KCS International Inc. d/b/a Cruisers Yachts ("Cruisers") and Skipper Marine of Ohio, LLC d/b/a SkipperBud's ("SkipperBud's") (herein, together, the "Defendants") Joint Motion to Strike Plaintiffs' Amended Complaint ("Defendants' Motion"), filed on July 2, 2025.  (Doc. No. 75.)  Plaintiffs Norm Detrick and Judy Detrick (together, the "Detricks" or "Plaintiffs") filed their Opposition to Defendants' Motion on July 16, 2025 ("Plaintiffs' Opposition").  (Doc. No. 77.)  Defendants filed their Reply in Support of Defendants' Motion on July 23, 2025 ("Defendants' Reply").  (Doc. No. 78.)

For the following reasons, Defendants' Motion (Doc. No. 75) is GRANTED.

**I.  Relevant Background**

On April 17, 2025, this Court evaluated motions to dismiss and for judgment on the pleadings, and issued a Memorandum Opinion and Order that left the Detricks with the following claims against Cruisers, SkipperBud's and Jet Thruster Marine, LLC d/b/a Jet Thruster North America ("Jet Thruster"): negligent misrepresentation and breach of written warranty claims against Cruisers (Counts I, IX); negligent misrepresentation, UCC revocation, and breach of the implied warranties of merchantability and fitness for a particular purpose claims against SkipperBud's (Counts II, VIII, XII,

XIII); and breach of contract and breach of the implied warranty of workmanlike performance claims against Jet Thruster (Counts XVI, XVII).  (Doc. No. 58 at PageID# 1937.)  On the same day, the Court set the Case Management Conference for May 7, 2025, but the Court rescheduled it for May 22, 2025.  (Doc. No. 59; Non-Doc. Entry of Apr. 29, 2025.)

On May 15, 2025, the Detricks filed a Motion for Partial Reconsideration and, if Necessary, Leave to Amend the Complaint ("Detricks' Motion for Reconsideration").  (Doc. No. 63.)  Therein, the Detricks requested that the Court reconsider the April 17, 2025, Memorandum Opinion and Order by modifying it such that their OCSPA claims against Defendants (Counts III, IV) would be dismissed *without* prejudice rather than *with* prejudice so as to allow the Detricks to file an amended complaint to include the details that they contended would be sufficient for Claims III and IV to survive the application of Rule 9(b).  (*Id.* at PageID# 2112.)  They attached as an Exhibit the Anticipated Amendments to the Detricks' Complaint in Redline.  (Doc. No. 63-1.)

On May 19, 2025, the parties submitted a Report of Parties' Planning Meeting that indicated that their "[r]ecommended cut-off date for amending the pleadings and/or adding additional parties [was] June 27, 2025."  (Doc. No. 64 at PageID# 2230.)

On May 22, 2025, the Court held a telephonic Case Management Conference with counsel for the Detricks and counsel for Defendants participating.  (Minutes of Proceedings, Non-Doc. Entry of May 22, 2025.)  The Court issued a Case Management Conference Order ("CMC Order"), which included or adopted the following deadline proposed by the parties: "The pleadings shall be amended without leave of Court and new parties shall be joined on or before June 27, 2025."  (Doc. No. 67 at PageID# 2237.)

On May 23, 2025, or after the CMC had been held and the CMC Order had been issued, Defendants filed a Brief in Opposition to the Detricks' Motion for Reconsideration. (Doc. No. 68.) Then, on May 30, 2025, the Reply in Support of Detricks' Motion for Reconsideration was filed wherein the Detricks reiterated or insisted, in relevant part, that the Court should alternatively grant them leave to amend their Complaint "to avoid a manifest injustice and/or legal error." (Doc. No. 69 at PageID# 2258.)

On June 17, 2025, the Court issued a Memorandum Opinion and Order (the "MOO") denying reconsideration of its April 17, 2025, Memorandum Opinion and Order on the basis that Sixth Circuit precedent allows the Court to dismiss claims with prejudice when a plaintiff fails to submit a proposed amended complaint prior to dismissal, and therefore the Court did not commit an error of law in dismissing the Detricks' OCSPA claims against Defendants with prejudice. (Doc. No. 71.)

On June 27, 2025, without filing a motion or otherwise requesting leave, the Detricks filed the Amended Complaint (Doc. No. 74), which includes additional allegations regarding Defendants' alleged misrepresentations, as well as six (6) new claims: promissory estoppel (Amended Counts III and IV); fraud (Amended Counts V and VI); civil conspiracy (Amended Count VII); and declaratory judgment for attorneys' fees (Amended Count XII) against Defendants. (Doc. No. 74 at PageID#s 2369-74, 2380-81.)

On July 2, 2025, Defendants filed their Motion. (Doc. No. 75.) On July 16, 2025, the Detricks filed their Opposition. (Doc. No. 77.) On July 23, 2025, Defendants filed their Reply. (Doc. No. 78.)

**II.     Standard of Review**

On its own or upon a motion, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An immaterial matter is that which has 'no bearing on the subject matter of the litigation,'" while "[i]mpertinent allegations include statements that are not necessary to the issues presented." *McKinney v. Bayer Corp.*, 2010 WL 2756915 at *1 (N.D. Ohio July 12, 2010) (quoting *Johnson v. Cty. of Macomb*, 2008 WL 2064968 at *1 (E.D. Mich. May 13, 2008)). A scandalous matter "refers to 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Id.* (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

"A court has broad discretion in determining whether to grant a motion to strike." *Id.* at *2. However, "motions to strike are disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant." *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 865 (N.D. Ohio 2009). "Striking a complaint filed without leave is an appropriate use of the court's discretion." *See Russell v. City of Bellevue*, 2021 WL 1517921 at *2 (N.D. Ohio Apr. 16, 2021) (citing *Nicholson v. City of Westlake*, 20 Fed. Appx. 400, 402 (6th Cir. 2001)).

**III.    Analysis**

In Defendants' Motion, Defendants argue that the MOO denying the Detricks' Motion for Reconsideration meant that the Court "already denied Plaintiffs' Amended Complaint." (Doc. No. 75-1 at PageID# 2664.) In support they cite the Court's conclusion that the Detricks' then-proposed amendment was "too late[,]" and the Court's reasoning that the Detricks "made the strategic decision

4

to wait for the Court to rule" and "made their choice to rest on the Complaint as submitted[,]" and that "even after the 21 days allotted by Rule 15 to amend their complaint expired, the Detricks could have filed a separate motion to amend at any time before the Court ruled on Defendant's Motion to Dismiss, but they did not do that either."  (*Id.* at PageID#s 2664-65) (quoting Doc. No. 71 at PageID#s 2271, 2274.)  Defendants additionally argue that they "do not believe that it was the Court's intention here to allow the Plaintiffs' unfettered access to ignore the deliberate denial of leave to amend."  (*Id.*)  Next, Defendants argue that the Amended Complaint, like the proposed amendments the Detricks included with their Motion for Reconsideration, also failed to include any allegations based on new information.  (*Id.* at PageID# 2666.)  Finally, they argue that it would prejudice Defendants to allow the Detricks to file a new, 683-paragraph, 97-page Amended Complaint after Defendants already litigated both the original Complaint and the subsequent Motion for Reconsideration.  (*Id.* at PageID#s 2666-67.)

In their Opposition, the Detricks dispute that the MOO "was a blanket prohibition of all further amendments" and, emphasizing that "it is axiomatic that the Court speaks through its journal entry[,]" point to the CMC Order as allowing them to amend their pleadings without the Court's leave.  (Doc. No. 77-1 at PageID#s 2675-76.)  They reject Defendants' theory that a proposed amendment should be stricken because it presents new information, and that responding to the additional allegations and claims would be prejudicial.  (*Id.* at PageID#s 2676-77.)[1]  In their Reply, Defendants reiterate their

---

[1] The Detricks also reference that they "have obtained information" about a person allegedly involved in the sale of the 54 Fly who may have a criminal history, but that they have not included such allegations in the Amended Complaint. (Doc. No. 77-1 at PageID# 2677.)  The Court agrees with Defendants that this vague reference to an unidentified person's alleged criminal history is immaterial to resolving Defendants' Motion.  (Doc. No. 78 at PageID# 2682.)

argument from their initial Motion that in its MOO, the Court "stated in no uncertain terms that the time for amendments had long since passed." (Doc. No. 78 at PageID# 2681.)

For the reasons set forth below, the Court concludes that the Amended Complaint must be stricken.

"In construing a court order, the most important factor in determining the meaning is the intention of the judge who entered the order." *In re Zevitz*, 230 F.3d 1361 (6th Cir. 2000) (citation omitted). Additionally, when "the *parties* drafted the order in question," "determining its purpose also involves gleaning their intent[.]" *Cox v. Specialty Vehicle Sols., LLC*, 715 Fed. Appx. 443, 448 (6th Cir. 2017). "The meaning of an ambiguous judgment or order 'must be determined by what preceded it and what it was intended to execute.'" *Ramirez-Chacon v. Holder*, 397 Fed. Appx. 179, 184 (6th Cir. 2010) (citations omitted).

First, this Court issued the CMC Order on May 22, 2025, based upon recommendations made by the parties, to include the proposed deadline of June 27, 2025 for amending the pleadings without leave of Court and joining new parties. The Court never intended to give the Detricks the opportunity to file an Amended Complaint by the proposed date included in the CMC Order that would obviate its Memorandum Opinion and Order issued on April 17, 2025 and the forthcoming decision on the Detricks' Motion for Reconsideration. Indeed, on May 15, 2025, or before the CMC was held and the CMC Order was issued on May 22, 2025, the Detricks' Motion for Reconsideration was filed. On May 23, 2025, Defendants filed their Opposition thereto, thereby demonstrating that by including in the Report of Parties' Planning Meeting a recommended date of June 27, 2025 for amendment of pleadings or joining additional parties, they did not intend to agree to the filing of an Amended Complaint if/after the Detricks' Motion for Reconsideration was denied by the Court. Moreover, on

6

May 30, 2025, Plaintiffs filed their Reply insisting that the Court reconsider its April 17, 2025 order or, as necessary, allow them to file an amended complaint. This demonstrates to the Court that even the Detricks understood that they needed to seek leave to amend their Complaint and that the CMC Order was not to be or should not have been construed as granting Plaintiffs such leave.

For the reasons set forth above, and considering that on June 17, 2025, or after the CMC Order was issued, this Court issued its 20-page MOO denying the Detrick's Motion for Reconsideration—which included the Detricks' request for leave to amend their Complaint consistent with their redlined Exhibit—it is clear that it was never this Court's intention to adopt a date for amending the pleadings to include the filing of an amended complaint after the issuance of the MOO. Indeed, it is also clear that it was never Defendants' intention either. The Court is also persuaded that to allow Plaintiffs to amend at this time, or over a year after the original Complaint was filed on July 9, 2024, and after much time and effort has been expended by Defendants and this Court, would unduly prejudice Defendants and consume precious judicial resources. Accordingly, the Amended Complaint must be stricken.

## IV. Conclusion

Accordingly, for the reasons set forth above, Defendants' Motion (Doc. No. 75) is GRANTED.

**IT IS SO ORDERED.**

Dated: July 30, 2025                    *s/ Pamela A. Barker*
                                        PAMELA A. BARKER
                                        UNITED STATES DISTRICT JUDGE